# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE,      )
                           )
    v.               )       Case ID No.: 1602004456A
                           )
JONATHAN JOHNSON,    )
                           )
    Defendant.     )

## ORDER

Submitted: December 28, 2022
Decided: January 13, 2023

**AND NOW TO WIT**, this 13th day of January 2023, upon various and multiple filings, this Court *again* considers Defendant Jonathan Johnson ("Defendant")'s application for relief. This time, Defendant files a "Reply and Objections to the State's Respond [sic]/Answer to Defendant's Motion for Correction of Illegal Sentence and Motion for Reargument."[1] For all the reasons previously and again stated, it appears to the Court that:

1.      Defendant was charged with multiple offenses after law enforcement

---

[1] Delaware Superior Court Criminal Rule 57(d) provides that "[i]n all cases not provided for by rule or administrative order, the court shall regulate its practice in accordance with the applicable Superior Court civil rule . . . ." Del. Super. Ct. Crim. R. 57(d). Delaware Superior Court Civil Rule 59 allows the filing of a motion for reargument if the motion is "served and filed within 5 days after the filing of the Court's opinion or decision." Del. Super. Civ. R. 59. Defendant filed this Motion 10 days after the filing of the Court's decision; therefore, Defendant's Motion is untimely, and the Court has no jurisdiction over this Motion. *See* D.I. 164–65; *State v. Brown*, 2019 WL 3249402, at *2 (Del. Super. July 18, 2019) ("Under settled Delaware law, this Court has no authority to extend the time in which to move for reargument. And because [the defendant]'s reargument motion is untimely, this Court has no jurisdiction to consider it.") (citations omitted).

1

executed a search warrant of his home and located firearms, ammunition, and drugs.[2]

2. On the day of trial, Defendant pled guilty to one count of Drug Dealing and one count of Possession of a Firearm During the Commission of a Felony ("PFDCF").[3] Prior to sentencing, the State filed a Motion to Declare Defendant a Habitual Offender and to be sentenced on the PFDCF charge under 11 *Del. C.* § 4214.[4] On October 27, 2017, the Court granted the State's motion,[5] and sentenced Defendant to the minimum mandatory twenty-five years for the firearm charge and to probation for the Drug Dealing offense.[6]

3. In October 2018, Defendant filed his first Motion for Postconviction Relief under Superior Court Criminal Rule 61.[7] The Court denied the motion.[8] Defendant filed a Motion for Reconsideration of Postconviction Decision,[9] which this Court dismissed as untimely.[10]

4. During the pendency of his Rule 61 Motion, Defendant filed a Petition

---

[2] On September 12, 2016, a Superior Court grand jury returned an indictment against Defendant for the following charges: Drug Dealing (two counts), Aggravated Possession (two counts), Possession of a Firearm During the Commission of a Felony (two counts), Carrying a Concealed Deadly Weapon (one count), Possession of a Firearm by a Person Prohibited (two counts), Possession of Ammunition by a Person Prohibited (two counts), Possession of Drug Paraphernalia, and Endangering the Welfare of a Child (four counts).

[3] *See* D.I. 39.

[4] D.I. 41; *see* 11 *Del. C.* § 4214.

[5] D.I. 42.

[6] D.I. 41, 43.

[7] D.I. 44.

[8] D.I. 109.

[9] D.I. 111.

[10] D.I. 116.

for Writ of Mandamus,[11] a Petition for an Evidentiary Hearing,[12] and a Motion to Stay the Consideration of his Rule 61 Motion.[13] These requests were denied.[14] Defendant also filed a Petition for Writ of Mandamus with the Delaware Supreme Court, also denied.[15]

5. In July of 2021, Defendant filed an "Affidavit of Fact: Notice of Fault and Opportunity to Cure/Writ of Revocation of Plea Contract & Affidavit of Facts."[16] He demanded "to have a scheduled special appearance and/or phone/video conference" with the Court and a payment of $10 million. Defendant's requests were denied.

6. In February 2022, Defendant filed another Rule 61 Motion,[17] and a Motion for Appointment of Counsel.[18] The claims were barred under Superior Court Criminal Rules 61(i)(2)(i) and 61(i)(4),[19] and this Court summarily dismissed them.[20]

7. Within three months in 2022, Defendant filed over twenty requests, to

---

[11] D.I. 75.
[12] D.I. 78.
[13] D.I. 81.
[14] D.I. 94.
[15] *See Matter of Johnson*, 228 A.3d 139, 2020 WL 1881069 (Del. Apr. 15, 2020) (TABLE).
[16] D.I. 119.
[17] D.I. 131.
[18] D.I. 132.
[19] *See* Del. Super. Ct. Crim. R. 61(i)(4) ("Any ground for relief that was formerly adjudicated, whether in the proceedings leading to the judgment of conviction, in an appeal, in a postconviction proceeding, or in a federal habeas corpus proceeding, is thereafter barred.").
[20] D.I. 134.

have this Court vacate his sentence, set aside his plea agreement, hold a suppression hearing, grant default judgment against the State, and order the State to pay him $1,830,000.00.[21] On November 18, 2022, this Court again determined Defendant's motions were procedurally barred and did not satisfy any pleadings requirements of Superior Court Criminal Rules.[22]

8. In that November 2022 ruling, this Court requested that the Supreme Court consider enjoining Defendant from future filings without leave of the Court.[23] On January 5, 2023, the Supreme Court warned Defendant against non-meritorious future filings after it dismissed his petition for the issuance of a writ of mandamus and granted the State's Motion to Dismiss.[24]

---

[21] On August 31, 2022, Defendant filed a Motion to File out of Time: (1) Motion for Reargument of Suppress Denial, (2) Direct Appeal of Suppress Denial, (3) Motion of Withdrawal of Plea, (4) Motion for Reargument of Conviction and Sentence, and (5) Direct Appeal of Conviction and Sentence. D.I. 141. On September 8, 2022, Defendant filed a Motion for Correction of Illegal Sentence. D.I. 153. On September 20, 2022, Defendant filed (1) Supplemental Demand Relief to Motions to File Out of Time, (2) Supplemental Demand Relief to Motion for Correction of Illegal sentence, (3) Motion for Withdrawal Plea, (4) Motion to File Out of Time to File a Motion to Suppress, and (5) Motion to Suppress. D.I. 143. On September 29, 2022, Defendant filed "summonses" to his attorneys, a Deputy Attorney General, and the State for two separate cases. D.I. 155–59.

On October 4, 2022, Defendant filed a Motion for Correction of Illegal Sentence, same as D.I. 153 that was filed on September 8, 2022. D.I. 154. On October 13, 2022, Defendant filed a Notice of Writ of Declaratory Judgment. On October 27, 2022, Defendant filed a Notice of Fault and Opportunity to Cure Motion for Correction of Illegal Sentence, Withdrawal Plea, and a Motion to File Out of Time and Summons by November 1, 2022. D.I. 161. On November 7, 2022, Defendant filed a Default Judgment. D.I. 162. On November 10, 2022, Defendant filed Affidavit of the Amount Due $1,830,000.00. D.I. 163.

[22] D.I. 164.

[23] *Id.*

[24] *In the Matter of the Petition of Jonathan Johnson for a Writ of Mandamus*, 2023 WL 116481 (Del. Jan. 5, 2023) ("In the last three years, Johnson has filed three appeals and two writ petitions

9. On December 28, 2022, Defendant filed again, rehashing previously raised demands.[25] His application remains procedurally barred. His Motion for Reargument is untimely.

10. Defendant's requests are therefore **SUMMARILY DISMISSED**.

/s/ Vivian L. Medinilla
Vivian L. Medinilla
Judge

oc: Prothonotary
cc: Defendant
     Allison Abessinio, Esquire
     Investigative Services Office

---

relating to his convictions in this Court. We warn Johnson that if he continues to file appeals or writs making repetitive claims, he could be enjoined from filing future appeals or writs without leave of the Court.").

[25] D.I. 171, at 4. Defendant seeks an in-person or video "meeting of the minds," and to have this Court again vacate his sentence, withdraw his plea, release him on bond, hold a suppression hearing, and provide stand-by counsel. *Id.*